# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| CHESTER DOWNS AND MARINA LLC D/B/A HARRAH'S OF PHILADELPHIA, | : | No. 145 EM 2015 |
| Petitioner | : | |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF REVENUE AND EILEEN MCNULTY, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF REVENUE, | : | |
| Respondents | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 18th day of July, 2018, the Amended Application for Relief is DISMISSED.

    To the extent Petitioner's request for a refund in Count I relates to taxes paid prior to this Court's decision in *Mount Airy #1 LLC v. Pennsylvania Department of Revenue*, 154 A.3d 268 (Pa. 2016), relief is not available. *See id.* at 280 n.11 ("As we have explained in the past, 'a decision of this Court invalidating a tax statute takes effect as of the date of the decision and is not to be applied retroactively.'") (quoting *Oz Gas, Ltd. v. Warren Area Sch. Dist.*, 938 A.2d 274, 285 (Pa. 2007)).

    To the extent Petitioner is seeking a refund for taxes paid after that decision, such a claim is not within this Court's original jurisdiction. *See* 4 Pa.C.S. §1904

(describing this Court's exclusive jurisdiction to hear constitutional challenges to the Gaming Act); 42 Pa.C.S. §721 (delineating this Court's original jurisdiction). *See also Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008) (explaining that a court can raise questions surrounding its jurisdiction *sua sponte*).

As to Count II of the application, this Court does not have original jurisdiction to entertain Petitioner's claim under 42 U.S.C. §1983. *See Mount Airy*, 154 A.3d at 271 n.1. Petitioner's Equal Protection challenge is moot in light of *Mount Airy*. *See id. See also* 4 Pa.C.S. §1904 (authorizing the Court "to take such action as it deems appropriate . . . to expedite a final judgment in connection with . . . a [constitutional] challenge or request for declaratory relief.").